# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Richard Freeman, III

July 12, 2010

Case No. (Criminal) CR09-2913

BY JUDGE CHARLES E. POSTON

This matter is before the Court on Defendant's Motion to Declare Va. Code § 19.2-187.02 Unconstitutional. The question before the Court is whether Virginia Code § 19.2-187.02 violates or authorizes violations of the Sixth Amendment right of confrontation.

*Factual and Procedural History*

Richard Freeman was involved in an automobile accident on July 25, 2009, in which two individuals died and one was injured. After the accident, Defendant was taken to Sentara Norfolk General Hospital by ambulance for treatment of non-life threatening injuries. A screen of Defendant's blood, performed during the process of his medical care, indicated a blood alcohol level of .13.

Defendant, who is alleged to have been the driver of the automobile, is now charged with two counts of involuntary manslaughter by driving while intoxicated, Va. Code § 18.2-36.2, and one count of maiming by driving while intoxicated, Va. Code § 18.2-54.1. The Commonwealth seeks to enter the results of the blood screen into evidence pursuant to Va. Code § 19.2-187.02, and Defendant now challenges Va.

Code § 19.2-187.02 on the ground that it violates the Confrontation Clause of the Sixth Amendment to the Federal Constitution.

## Discussion

Section 19.2-187.02 allows for "blood alcohol tests conducted upon persons receiving medical treatment in a hospital or emergency room [to be] admissible in evidence as a business records exception to the hearsay rule in prosecutions" for various crimes including those with which the Defendant has been charged. The Supreme Court of Virginia, in *French v. Virginian Ry.*, 121 Va. 383, 387 (1917), allowed the business records of the defendant railroad company into evidence as an exception to the hearsay rule because of the:

> circumstantial guarantee of trustworthiness growing out of the fact that the entries were made in the regular performance of duty, and that errors or misstatements in train sheets are almost certain to be promptly detected and to result disastrously. When there is this practical necessity and this circumstantial guarantee of trustworthiness, then such records are admissible when sufficiently verified.

*Id.*

Section 19.2-187.02 specifically allows the Commonwealth to offer as evidence the results of blood alcohol tests as business records. The Virginia Court of Appeals, in *Parker v. Commonwealth*, 41 Va. App. 643, 655 (2003), noted that "Virginia expressly permits the introduction of certain portions of medical records under the business records exception to its hearsay rule." The "certain portions" which the Court mentioned refer to objective facts; therefore, non-opinion portions of medical records are considered business records in Virginia. *Id.*

Like the business records in *French*, the results of a blood alcohol test can be offered as evidence without calling to testify the individual responsible for authoring the results. As a result, defendants are not given the opportunity to confront the author without subpoenaing him.

Defendant asserts that *Melendez-Diaz v. Massachusetts*, 129 S. Ct. 2527 (2009), gives a defendant the right to confront his accusers, i.e. the authors of any reports or tests that will be used against the defendant during prosecution. Specifically, Defendant claims that the blood alcohol test in this case amounts to *testimonial* evidence, qualifying it for

*Melendez-Diaz* protection. When the defendant in *Melendez-Diaz* was arrested for suspicion of drug distribution, *id.* at 2530, the arresting officers found a white substance on his person. They sent the substance to a state laboratory that was required by state law to test it. *Id.*

The laboratory issued three certificates of analysis stating that the white substance was indeed cocaine. *Id.* at 2531. Ultimately, the Court held that the certificates were *testimonial* in nature and their entry into evidence, without calling the author of the certificates to testify, violated the defendant's Sixth Amendment right of confrontation. *Id.* at 2542.

The Court in *Melendez-Diaz* found that the certificates were testimonial for two reasons. First, the certificates were "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial" *id.* at 2532 (quoting *Crawford v. Washington*, 541 U.S. 36, 52 (2004)); and second, "the *sole purpose* of the affidavits was to provide 'prima facie evidence of the composition, quality, and net weight' of the analyzed substance." *Id.* at 2532. In other words, "the *sole purpose*" of the certificates, or affidavits as the Court describes them, was the establishment of an element necessary to the defendant's prosecution. *Id.*

In this case, Defendant claims that the blood alcohol test is "equally 'testimonial' " as the certificates in *Melendez-Diaz* and that entry of the blood alcohol test into evidence would violate his Sixth Amendment right of confrontation. Defendant argues that the author of the test results knew or should have known "that the statement would be available for use at a later trial," in part because of the existence of the statute.

In further support of his position, Defendant cites Office of the Attorney General opinion OAG 07-057. That opinion states "§ 19.2-187.02 authorizes law-enforcement officials to interview health care providers to preserve vital blood samples." Defendant uses this opinion to argue that § 19.2-187.02 puts health care providers on notice that blood test results will be used in the prosecution of defendants. Indeed, health care providers may well be on notice that blood tests they conduct will be used in prosecution, but that alone is insufficient to establish that the blood tests are testimonial.

Defendant does not argue that "the *sole purpose*" of the blood test was use in prosecution. The blood test was administered as an essential and routine step in the Defendant's medical treatment. From the health care provider's perspective, the predominant purpose of the blood test was medical treatment, and the use of the test results in prosecution was merely incidental. Certainly, the *sole purpose* of the test was not for use in

prosecution. Accordingly, the blood test results are not testimonial, and are not precluded by the Supreme Court's ruling in *Melendez-Diaz*. This conclusion is buttressed by the Supreme Court's holding in *Crawford v. Washington* that business records, as a rule, are not testimonial. 541 U.S. at 56. Therefore, the blood alcohol test results are not testimonial and can be properly offered as evidence absent a testifying witness.

## Conclusion

For the reasons stated above, Defendant's motion to declare § 19.2-187.02 unconstitutional will be denied.